## THE KING *vs.* EDWARD ERICKSON.

EXCEPTIONS FROM CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT.

APRIL TERM, 1884.

JUDD, C. J.; McCULLY and AUSTIN, JJ.

Defendant was convicted of an assault with intent to commit rape upon a girl of 11½ years; held that it is not a conclusive presumption of law that a girl over ten consented to the assault unless there is proof of resistance, outcries and immediate complaint.

Conviction affirmed.

OPINION OF THE COURT, BY AUSTIN, J.

THE defendant was convicted on February 1, 1884, before Chief Justice Judd at the Fourth Judicial Circuit, of an attempt to commit a rape, and presents his bill of exceptions here to obtain a new trial.

The only exception argued before us is that the counsel for the defense asked the Court to instruct the jury: "That to convict it must be shown that the prosecutrix made known the assault immediately after it was charged to have been made"; also "that it must be shown that the prosecutrix made outcries if others were in hearing"; also "that by law a female over ten years of age is presumed to consent to an assault, unless there is proof of resistance, outcries and immediate complaint;" which instructions were refused by the Court, and the defendant's counsel excepted.

The prosecutrix was 11½ years old. She swore that when the defendant made the repeated attempts to commit the crime of which he was convicted, she made no outcry when others might have heard her, because the defendant kept his hand over her mouth.

The act was done on Sunday, and she did not make it known until Tuesday ; but she was told not to tell.

By the English Statute of 24 and 25 Victoria, to carnally know a girl between 10 and 12 years old is a misdemeanor, and under 10 a felony. Under the English Statute the offense shown here would have been punishable by two years imprisonment, even though not against the girl's will.

See Russell on Crimes, Vol. 1, p. 929, last edition.

But by our law the act must be against her will if above 10 years of age. Her delay in making known the outrage was a question of fact to be considered by the jury. She may have been afraid to tell because told not to, or ashamed to tell. Her tender age is a strong element, characterizing all her acts. The jury thought the delay not strange.

With the hand of her beastly assailant upon her mouth, she may have been unable or afraid to make an outcry ; and if silent from fear, or confusion or other cause, the act might be against her will.

All the facts were for the jury, and they thought the child's story was substantially true.

The counsel for defendant claims that there is a conclusive presumption of consent in case of such an assault on a girl over 10, unless there are resistance, outcries and immediate complaint. We do not understand this to be the law. All the facts were properly submitted to the jury and the evidence amply sustains the verdict.

See Wharton's Criminal Law, Vol. 2 (7 ed.), Sections 1149 and 1156 c.; 4 Bl. Com. 213.

Exceptions overruled.

*Attorney-General Neumann,* for Crown.

*S. B. Dole,* for prisoner.

Honolulu, June 16, 1884.